UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

HARRY J. ALEXANDER JR. &
MINNIE D. ALEXANDER,

    Plaintiffs,

v.                                                Case No._____

CITY OF MEMPHIS, TENNESSEE,

    Defendant.

---

## COMPLAINT

---

Plaintiffs Harry J. Alexander Jr. and Minnie D. Alexander bring this action, pursuant to the provisions of the Tennessee Governmental Tort Liability Act, as codified at T.C.A. §§ 29-20-101 et seq., against Defendant City of Memphis, Tennessee, as a result of injuries sustained by Plaintiff Harry J. Alexander Jr. in a fire hydrant explosion occurring in Memphis, Shelby County, Tennessee, on May 5, 2021.  In support, Plaintiffs would state as follows:

### I. JURISDICTION

1. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.  See Metaljan v. MSCAA, 752 F. Supp. 834, 837 (W.D. Tenn. 1990) (holding "once Tennessee elected to submit itself to litigation of such claims [under the TGTLA] it subjected such litigation to the provisions of the United States Constitution regarding claims between citizens of different states.")

### II. THE PARTIES

2. Plaintiff Harry J. Alexander Jr. is an adult male citizen of Arkansas residing, at all relevant times herein and at the time of filing of this complaint, in West Memphis, Arkansas.  At

all relevant times herein, he has been married to Plaintiff Minnie D. Alexander.

3. Plaintiff Minnie D. Alexander is an adult female citizen of Arkansas residing, at all relevant times herein and at the time of filing of this complaint, in West Memphis, Arkansas. At all relevant times herein, she has been married to Plaintiff Harry Alexander Jr.

4. Defendant City of Memphis, Tennessee is a municipal governmental entity and is a legally established political subdivision in the State of Tennessee.

### III. STATEMENT OF FACTS

5. On May 5, 2021, Plaintiff Harry J. Alexander Jr. reported to work for his employer Mid- South Transportation Management, Inc. (MTM) at its facility located at 1370 Levee Road in Memphis, TN 38108. Plaintiff is the General Foreman for MTM's Maintenance Department. MTM is a private entity that has a contract with Memphis Area Transit Authority to operate and manage MATA's bus and trolley operations.

6. The City of Memphis, Tennessee, through its Division of Fire Services, owns, operates, and maintains a fire hydrant next to the MATA administration building located at 1370 Levee Road, Memphis, TN 38108.

7. On May 5, 2021, at about 6:30 p.m., Plaintiff Harry J. Alexander Jr. was informed by a fellow MTM employee that there was a water leak on the facility parking lot. Plaintiff then went to inspect the source of the leak. As Plaintiff walked near the fire hydrant described in paragraph 6 above, he saw that the fire hydrant was leaking water. The fire hydrant then exploded suddenly and without warning. When it did, Plaintiff Harry J. Alexander Jr. was knocked/thrown to the ground with tremendous force. He suffered severe and serious personal injuries to his back and shoulders, among other body parts. He was transported by ambulance to Regional One Hospital for emergency trauma medical care. As of the filing of this complaint, he continues to

receive medical treatment for his injuries.

8. Under Tennessee law, Defendant City of Memphis, through its agents and employees had a duty to Plaintiff Harry J. Alexander Jr. and all other persons to safely and dutifully inspect, operate, and maintain its fire hydrants. However, the Defendant City of Memphis failed to properly and safely inspect, operate, and/or maintain the fire hydrant at issue and as a result, it was allowed to explode. Thus, Defendant City of Memphis, Tennessee, through its agents and employee, acted negligently in violation of the law of the State of Tennessee.

9. As a direct and proximate result of one or more of the various acts of negligence described above, Plaintiff Harry J. Alexander Jr. has suffered the following harms, losses and injuries:

    a. Bodily injuries requiring medical care and expenses, past, present and future;

    b. Mental and physical pain and suffering, past, present and future;

    c. Permanent physical impairment;

    d. Loss of enjoyment of life, past, present and future;

    e. Loss of wages and benefits, past, present and future; and,

    f. Other damages as permitted under the law or in equity, including, but not limited to, out-of-pocket expenses associated with the accident; and post judgment interest.

10. Additionally, incorporating the foregoing paragraphs by reference, Plaintiff Minnie D. Alexander states a claim against Defendant City of Memphis, Tennessee for loss of consortium. Specifically, Plaintiff Minnie D. Alexander has sustained emotional distress and suffering caused by seeing her husband, Plaintiff Harry J. Alexander Jr., suffer serious pain and discomfort due to the injuries that he received as a direct result of the accident, which was caused by the negligent acts of Defendant. Therefore, as a direct and proximate result of the negligence

of the Defendant, Plaintiff Minnie D. Alexander lost the services, companionship, consortium, and society of Plaintiff Harry J. Alexander Jr. to which she is entitled as his wife.

11. In conclusion, Defendant City of Memphis, Tennessee is liable to Plaintiffs under the TGTLA for the harms, losses and damages suffered by Plaintiffs, which were caused by the negligent acts of its agents and/or employees.

## IV. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that this action be set for trial when the issues are joined and that a judgment be entered by the Court for Plaintiffs against the Defendant in an amount not less than $300,000 per Plaintiff.

Respectfully submitted,

/s/ William B. Ryan
William B. Ryan – TN Bar #20269
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Phone: 901.278.1004
Fax: 901.278.3111
Email: billy@donatilaw.com

Attorney for Plaintiffs